# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2019

No. 19-10757
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT YOUNG, JR.

Plaintiff – Appellant

v.

CINTAS CORPORATION NUMBER TWO,

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-990

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Robert Young suffered serious injuries when the shirt he was wearing caught fire while he was welding. He sued the shirt's manufacturer, Cintas Corporation Number Two. The district court granted summary judgment to Cintas on all claims. The court rejected Young's products liability claim alleging a marketing defect because there is no duty to warn when the risks of a product are "within the ordinary knowledge common to the community." *Am.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10757

*Tobacco Co. v. Grinnel*, 951 S.W.2d 420, 426 (Tex. 1997). The district court concluded that doctrine barred the marketing defect claim because "it is common knowledge . . . that a non-flame retardant uniform suffers from the danger of catching fire and causing injury when exposed to sparks derived from welding." The district court also dismissed Young's negligence claim on the ground that it was based only on allegations about the dangerousness of the product. *See Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 256–57 (5th Cir. 1988) (explaining that a negligence claim failed because the jury rejected the strict liability claim that involved some of the same elements as the negligence claim). The district court thus held that the negligence claim was "subsumed within the failed strict liability claim."

On appeal, Young first argues that his negligence claim did not rely solely on the contention that the shirt was unreasonably dangerous. Instead, he claims, his affidavit supported a "negligent undertaking" theory because he stated that a Cintas representative knew Young was a welder yet selected a cotton shirt for Young that was not flame retardant. Young contends that once Cintas undertook this duty to select the shirt, the company had a duty under Section 323 of the Restatement (Second) of Torts to exercise its duty with reasonable care. But Young did not assert a negligent undertaking claim in the district court, so this claim is forfeited.

Moreover, the "common knowledge" doctrine defeats both a strict liability and negligence claim. *Grinnel*, 951 S.W.2d at 437. And for the reasons it stated, we agree with the district court that, as a matter of law, it is common knowledge that a cotton shirt is flammable. *See Coleman v. Cintas Sales Corp.*, 100 S.W.3d 384, 386 (Tex. App.—San Antonio 2002, writ denied).

The judgment is AFFIRMED.